THE ILLINOIS STEEL COMPANY

*v.*

STEPHEN SITAR.

*Opinion filed October 25, 1902.*

The facts in this case, and the questions involved, are the same as in the case of *Illinois Steel Co.* v. *McFadden*, 196 Ill. 344, and the court holds, as in the *McFadden case*, that the defendant's motion for a peremptory instruction was properly denied.

*Illinois Steel Co.* v. *Sitar*, 98 Ill. App. 300, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Will county; the Hon. JOHN SMALL, Judge, presiding.

GARNSEY & KNOX, and WILLIAM DUFF HAYNIE, for appellant.

DONAHOE & McNAUGHTON, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was an appeal from the judgment of the Appellate Court affirming the judgment, in the sum of $1700, awarded the appellee in an action in case instituted by him against the appellant company in the circuit court of Will county.

The appellee, an employee of the appellant company, together with one Harry Walsh, a pipe-fitter, and others, also employees of the appellant company, was engaged, on the 22d day of May, 1899, in removing what is known as a "bosh plate" from one of the furnaces of the appellant company. The plate was removed while the blast or pressure was in the furnace. A stream of fire, coke and gas was forced out of the aperture by the pressure from the blast. Walsh, who stood nearer the furnace than the appellee, and the appellee, were burned and injured. Walsh subsequently died from his injuries, and his administrator, one John McFadden, brought an action against the appellant company in the circuit court of Will county to recover damages, under the statute, for the benefit of the next of kin of the deceased. He recovered a judgment in the circuit court, and the same was affirmed in the Appellate Court and afterwards in this court. *Illinois Steel Co.* v. *McFadden*, 196 Ill. 344.

In that case and in this a motion was made, at the close of all the testimony, for an instruction directing a peremptory verdict for the appellant company. The motion was denied in each case. In the *McFadden case*, which was argued orally in this court by both parties, we fully considered the insistence the court erred in denying the motion, and reached the conclusion the motion was properly denied, for the reason the evidence tended

to establish that Walsh was in the exercise of ordinary care and that the appellant company was negligent in ordering the workmen to work at the plate while the blast was on, and that the injury was not occasioned by any risk assumed by the workmen, but by the negligent acts of the employer. The pleadings in the two cases were not different in any material aspect. The facts disclosed upon the trial of the cases and the grounds of the motions for peremptory verdicts were the same. The facts are recited at length in the *McFadden case.* We hold here, as in that case, that the trial court correctly refused to direct a verdict for the appellant company.

It is urged that if there was any negligence to which the injury was due, it was that of Walsh in failing to observe and report to Conlon, the superintendent of the force of men then in the employ of the appellant company, if the plate was being loosened by the efforts to remove it, and that Walsh was a fellow-servant of the appellee. In the case brought by McFadden, the administrator of Walsh, we found that Walsh was in the exercise of ordinary care and that the injury to the workmen resulted from an improper and negligent order given by the superintendent, Conlon, to remove the bosh plate without directing the blast to be entirely withdrawn. As to this feature of the case the evidence in the two cases is not different. Conlon did not bear the relation of fellow-servant to appellee, but occupied a position of superiority.

No error reversible in character occurred in the rulings of the court as to the admissibility of the opinion or "expectation" of the witness James, for, when all of the answers of the witness are considered together, it appears he was permitted to state, and did state, his opinion or his "expectation" on the point in question.

There is no complaint as to the action of the court in giving or refusing instructions to the jury.

The judgment is affirmed.        *Judgment affirmed.*